CASE 5.—ACTION BY C. C. CLAYPOOL AGAINST THE AETNA LIFE INSURANCE CO. ON AN ACCIDENT POLICY.—January 31.

## Aetna Life Ins. Co. v. Claypool

Appeal from Warren Circuit Court.

JOHN M. GALLOWAY, Circuit Judge.

Judgment for plaintiff, defendant appeals — Affirmed.

1.  Insurance—Action on Policies—Amended Pleadings.—Whether a policy sued on was a contract of the state in which suit was brought, or of some other state, being peculiarly within the knowledge of the insurance company, and there being no suggestion why the defenses sought to be set up in amendments that the policy was a contract of other states than that in which sued on were not set up in the original answer, it was not an abuse of discretion to deny the amendments, tendered long after the issues were made up, and at least one of them pending trial.

2.  Same—Avoidance of Policy—Misrepresentation—Materiality.—

Aetna Life Ins. Co. v. Claypool.

Ky. Stats. 1903, section 639, provides that all statements in an application for a policy shall be deemed representations, and not warranties, and that no misrepresentation, unless material or fraudulent, shall prevent recovery. A combination accident policy insured against loss of life by accident and loss of the right hand, in either of which events a fixed sum was payable; but in case of accident not so severe as to involve loss of life or limb, but sufficient to totally incapacitate, a weekly indemnity was payable during the time of incapacity. Held, that a statement by insured in his application that his weekly earnings were more than they actually were was no defense to a recovery for an accident resulting in the loss of his right hand; the statement as to weekly earnings having no reference to recovery for accidental loss of life or limb, but only to the question of weekly indemnity.

3. Appeal—Review—Question of Fact.—A verdict on conflicting evidence that the loss of his hand by insured was not the result of unnecessary exposure to obvious danger will not be disturbed on appeal.

JOHN E. DuBOSE, JOHN B. RHODES and W. B. GAINES, Attys. for appellant.

POINTS AND AUTHORITIES.

1. This is a Connecticutt contract and in the absence of allegation and proof, it will be presumed the common law prevails there. (C. & N. R. R. v. Hannon, 23 Law Reporter, 1846; Miles v. Collins, 1 Met., 312; Stone v. Freeman, 4 Met., 311; Hanon v. Hutchings, 8 Bush, 506, 106 Ky. Law Rep., 104.)

2. Statement in application as to amount of earnings is material and therefore if false need not, under section 639 Kentucky Statutes, be fraudulent. (Woma Dy. Bank v Fed. & Dy. Co., 72 S. W., Ky. 1112.)

3. Statement in application of amount of Claypool's earnings was untrue.

SIMMS & GRIDER, Attys. for appellee.

We contend that under the provisions of the Policy that where life or limb is lost that it is immaterial whether or not the insured's weekly earnings exceed or was less than his weekly indemnity. Where loss of life or limb is insured against, the risk would not be so great to the insurer where the subject lived

a life of leisure as ·where he labored for a living, and therefore, the Policy provided that where weekly indemnity· is sued for, that a recovery can ᴄnot be had greater than the weekly earnings. This suit is not for weekly indemnity, but for the specific loss of a limb.   Along this line the instructions are more favorable to appellant than it was entitled to, and moreover the testimony shows that the weekly earnings of appellee at the time exceeded forty dollars ($40.00) per week.   Union Casualty Co. v. Goodard. 76 S. W., 832.   Continental v. Haggarty, 90 S. W. 561; 61 R. A. 524; 19 L. R. 212; 3 L. R. A., 446.

Opinion of the Court by Judge Barker—Affirming.

The appellant, Aetna Life Insurance Company of Hartford, Conn., issued to the appellee, C. C. Claypool, an accident policy insuring him for a term of three months from the 6th day of November, 1905, against the loss of life, limbs, sight, or time.   The policy was a combination accident policy, the principal sum of which was $5,000; and under its terms the appellee was insured against the loss of his life by accident in the sum of $5,000, and if he sustained an accident by which he suffered the loss of his right hand at or above the wrist he was to receive one-half of the principal sum, to wit, $2,500.   There were several other indemnities set forth in the policy not necessary to be stated with particularity, among which was a weekly indemnity of $25, if by accident the insured received injuries which resulted in a total incapacity to carry on his business.   During the life of this policy the appellee, after returning home from a day's hunt, undertook to clean his gun, with the result that it was by accident fired; the load of shot being discharged into appellee's right hand, inflicting such injury as necessitated the amputation of the whole hand at the wrist.   Afterwards, having given the insurance company notice of his injury as

required by the terms of the policy, appellee demanded payment of the amount of insurance claimed by him under the terms of his contract for the loss of the right hand at or above the wrist, and, payment having been refused, this action was instituted to recover judgment for the amount claimed. The petition sets out the facts necessary to constitute a cause of action under the policy, and to this an answer in four paragraphs was filed by the appellant. A general demurrer was filed to the second and fourth paragraphs of the answer by the plaintiff, with the result that the court sustained the demurrer to the fourth paragraph and overruled it to the second.

So far as the judgment sustaining the demurrer to the fourth paragraph is concerned, we deem it sufficient to say that the court was manifestly right, as the paragraph in question was wholly without merit. The first paragraph of the answer admits the execution and delivery of the policy sued on, but denied any indebtedness to plaintiff under it. In the second paragraph the defendant alleges that the policy was void because of the false statement of the insured in the application for the policy as to the amount of his weekly earnings, having stated therein that he was earning more than $40 per week, when as a matter of fact he was earning less than $40. It charges that this representation was material to the risk, was relied upon by the insurer, was made for the purpose of obtaining the policy, and was false and fraudulent. The third paragraph relies upon a provision in the policy, that, if the injury complained of was caused by or due to unnecessary exposure to obvious risk of injury or obvious danger, the liability of the insurer would be only one-fifth of the amount otherwise payable, to wit, $500. The paragraph con-

tains the necessary allegations of negligence and un-
necessary exposure to obvious risk to constitute, if
true, a good defense to the policy, except as to the
sum of $500. A reply and rejoinder completed the
issues along the lines indicated.

After the issues were made up the defendant com-
pany tendered two amendments to its original answer,
in one of which it is stated that the contract sued on
is a Tennessee contract, and in the other it is stated
that it is a Connecticut contract, and pleading the
law in those states in bar of appellee's claim. The
court refused to permit either of these amendments
to be filed, and of this ruling the defendant now com-
plains. It seems to us that the fact as to whether the
policy sued on was a Tennessee, a Connecticut, or a
Kentucky contract was peculiarly within the knowl-
edge of the company issuing it, and it was its duty
to state all of its defenses at the time it filed its
answer; and, as there is no suggestion in the record
of any reason why the defenses sought to be set up
in the amendments were not stated in the original
answer, we cannot see that the trial court abused his
discretion in refusing to allow them to be filed, ten-
dered, as they were, long after the issues were made
up, and, indeed, at least one of them was tendered
pending the trial of the case, and after the evidence
was all in. When the case was called for trial, so far
as the pleadings were concerned, there were only two
defenses available to the appellant—that contained
in the second paragraph, and that set up in the third
paragraph. A trial resulted in a verdict for the plain-
tiff for the amount claimed in the petition, and to
reverse the judgment based upon this verdict the
defendant company is here on appeal.

We are of the opinion that the trial court erred in

overruling the general demurrer to the second paragraph of the answer. The representation of the insured in regard to his weekly earnings was immaterial to the risk upon which this action was based. The policy, as said before, is a combination accident insurance policy. It insured the life of the appellant from loss by accident in the sum of $5,000. It also insured him against the accidental loss of his eyes, and the accidental loss of both hands or both feet, in the sum of $5,000, and against the accidental loss of the right hand above the wrist in the sum of $2,500. In case of accidental injury not so severe as to involve the loss of life or limb as hereinbefore set out, but sufficient to incapacitate the insured from attending to his vocation, he was to receive during the time he was totally incapacitated a weekly indemnity of $25. Now, it is manifest that the representations in regard to the weekly earnings of the insured have no reference to his right to recover for the accidental loss of life or limb, for which a round sum was payable, but are only material to the question of weekly indemnity. It was to the interest of the company to remove from the insured all temptation to prolong unnecessarily his absence from his vocation under the indemnity clause of the policy, and therefore, as a business proposition, it would seek to limit the weekly indemnity to a sum less than the insured would make if at his business. In the case at bar the insured was entitled, under the policy sued on, to the round sum of $2,500, but no weekly indemnity whatever. Therefore the indemnity clause of the policy has no material bearing upon the accident sued on. Certainly, if the insured had lost his life by the accidental discharge of the gun, the question of weekly indemnity would have been entirely distinct from the risk of the in-

sured's death; and we think that the loss of the right hand was as clearly separate from the question of weekly indemnity as would have been the loss of the insured's life. This being true, the appellant was not, and could not have been, injured by any adverse ruling of the court on this branch of the case. Section 639, Ky. St. 1903; Provident Savings Life Assurance Society of New York v. Dees, Guardian, etc., 86 S. W. 522, 27 Ky. Law Rep. 670, 120 Ky. 285.

There was, then, really but one issue to be tried—whether or not the loss of the insured's hand was the result of his unnecessary exposure of himself to an obvious danger. This question was properly submitted to the jury under the instructions of the court, and they found adversely to the appellant. The question was an eminently appropriate one for the jury to determine, and it is not our province to set aside their verdict under the facts of this case. Undoubtedly the testimony discloses a state of facts which would have authorized the jury to reach the opposite conclusion, and, if they had, we should have declined to disturb their verdict; but it is equally true that there was sufficient evidence for the conclusion reached by the jury, and we therefore leave the verdict as it is.

Viewing the whole case, we are of opinion that appellant has no substantial complaint either of the verdict of the jury or the rulings of the court. Therefore the judgment is affirmed.