NESTOR EVANS WICKLOW, Respondent, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

First Department, April 8, 1927.

Insurance — accident insurance — misstatement in application as to average weekly wages was not, as matter of law, immaterial, in view of Insurance Law, § 107, subd. f — misstatement affected entire policy.

In an action upon a policy of accident insurance, providing for the payment of the principal sum, together with a weekly indemnity for a continuous total disability, in which it appears that the plaintiff made a false statement in his application as to his average weekly earnings as chief engineer, it was error to exclude evidence as to the cost of his quarters and meals on the boat where he worked, which constituted a part of his monthly wages, on the ground that the representations in reference to weekly indemnity had no relation to the specific indemnity claimed, for such evidence would have given basis for a jury finding that the statement of earnings in the application was false.

The representation by the plaintiff that his weekly earnings exceeded the amount of the weekly indemnity was not, as a matter of law, immaterial to the company's acceptance of the risk, especially in view of the provisions of subdivision f of section 107 of the Insurance Law; such a misrepresentation by the assured affected the entire contract of insurance.

MARTIN, J., dissents.

APPEAL by the defendant, United States Fidelity and Guaranty Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of January, 1926, upon the verdict of a jury.

*William Dike Reed,* for the appellant.

*Arthur F. Driscoll* of counsel [*Dennis F. O'Brien* with him on the brief; *O'Brien, Malevinsky & Driscoll,* attorneys], for the respondent.

PROSKAUER, J.   Plaintiff in an action upon a policy of accident insurance has had judgment for the principal sum fixed in the policy for the loss by accident of the " entire sight of one eye." The policy also obligated the defendant in the event that none of a list of specific losses was suffered by the plaintiff, but that the plaintiff none the less should suffer a " continuous total disability " and be prevented from performing " any and every duty pertaining to his occupation," to pay him a weekly indemnity of $100 per week.   By the policy the plaintiff was insured in the principal sum of $30,000 and for a weekly indemnity of $100.

The evidence justified the finding of the jury that the plaintiff suffered the loss of the entire sight of one eye by accident.   The serious question on this appeal is whether there should have been

submitted to the jury defendant's claim that the plaintiff lost his right of recovery by reason of a false statement contained in his application to the effect that his average weekly earnings as chief engineer of the Clyde Steamship Company exceeded the total amount of single weekly indemnity under this and all other policies carried by the assured. The assured had another policy known as a travel policy, by which he was entitled to weekly indemnity of $50. His weekly indemnities thus aggregated a sum in excess of $600 per month. His wage was $200 a month, with quarters on his boat and meals. His subsistence was figured by the company at cost, but evidence of this cost was excluded over defendant's exception. This evidence, if admitted, would have given basis for a jury finding that the statement of earnings in the application was false. The trial court excluded this evidence and withdrew this question from the jury, however, on the ground that the representations in reference to weekly indemnity had no relation to the specific indemnity claimed for loss of the eye, following two cases decided by the Court of Appeals of Kentucky. (*Ætna Life Ins. Co.* v. *Claypool,* 128 Ky. 43; *Claypool* v. *Continental Cas. Co.,* 129 id. 682.) We are unable to adopt the principle of these cases. The statute of this State provides that the falsity of a statement shall not bar the right to recovery, unless the statement was made "with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer." (Ins. Law, § 107, subd. f, as added by Laws of 1913, chap. 155.) The Kentucky cases proceed upon the theory that the amount of earnings has no relationship to the specific damage occasioned by the loss of an eye or a limb, and that, therefore, the representation is immaterial where the claim asserted is for a specific loss rather than for a weekly indemnity. This view, however, wholly ignores the fact that a misstatement may, in the language of the New York statute, materially affect the acceptance of a risk, even where it may not materially affect the amount of damage recoverable in the particular suit. The defendant here wrote one policy, not two. It therein agreed to pay in the alternative a weekly indemnity or a specific loss. It insured in the principal sum of $30,000 and for a weekly accident indemnity of $100. The representation that the assured's weekly earnings exceeded the amount of the weekly indemnity was not as a matter of law immaterial to the company's acceptance of this risk. It cannot be said as a matter of law that the company would have accepted this risk had it known that an applicant earning substantially less than $600 a month was securing insurance giving him weekly indemnities of over $600 a month. The danger of fraud or malingering from this situation is apparent.

In the case at bar the plaintiff sought to recover his weekly payments and withdrew the claim upon the trial. The respondent's position in effect is that, while he may have induced the making of the contract by a false representation material to one part of the defendant's obligation, he may surrender this part of the obligation and none the less hold the defendant to the remainder. This contract of insurance cannot be thus separated. A false representation material to induce the defendant to accept the risk and enter into the contract is effective to avoid the whole contract.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL and O'MALLEY, JJ., concur; MARTIN, J., dissents.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.