### ELLIS v. STANDARD ACC. INS. CO. OF DETROIT, MICH.

District Court, S. D. Texas, at Brownsville. July 14, 1928.

No. 583.

1. **Insurance ⬤⇒299—Questions, in application for accident insurance, as to insured's earnings exceeding indemnity on policies, held material to risk.**

Matters sought to be elicited by questions in application for accident policy relative to insured's weekly earnings exceeding total amount of single weekly indemnity under policies carried by insured *held* material to the risk, so as to avoid policy in case of false answers thereto.

2. **Insurance ⬤⇒136(4)—Policy issued pursuant to application requiring insured to be in good health at date of delivery held not effective until delivery.**

An insurance policy, issued pursuant to application, providing that insurance should not become effective before delivery while insured was in good health, *held* a conditional delivery policy, and not effective until delivery to insured.

3. **Insurance ⬤⇒258—Applicant, making full and true answers to questions propounded, is not answerable for omission of other facts not inquired about.**

Where insurer propounds questions to applicant, and he makes full and true answers, he is not answerable for omission to mention existence of other facts about which no inquiry is made of him, and which may turn out to be material.

4. **Insurance ⬤⇒300—Accident policy held not avoided because of applicant's failure to mention facts concerning other application on which policy had not yet been delivered.**

Where insured, at time of making application for health and accident policy, had applied for a different policy, but such policy had not as yet been delivered, and insured made no mention of such fact in application, though was questioned as to other insurance carried, policy was not avoided for misrepresentation, because of his failure to mention facts concerning other application.

At Law. Suit by Lester R. Ellis against the Standard Accident Insurance Company of Detroit, Mich. Decree for plaintiff.

H. B. Galbraith, of Brownsville, Tex., for plaintiff.

Davenport, West & Ransome, of Brownsville, Tex., for defendant.

HUTCHESON, District Judge. This is a suit by plaintiff on a policy issued to him by the defendant on July 16, 1927, described as "complete accident contract, standard edition," and providing "indemnity for loss of time, loss of sight, dismemberment, and death caused by accidental means." It contains, among others, these provisions: "Principal sum $15,000; weekly indemnity, $50" —and further provides: "For the loss of either foot by actual severance at or above the ankle, one-half the principal sum."

There is attached to the policy what is called a "Texas amendment" providing, among other things, as follows:

"It is understood that any misstatement or misrepresentation made in procuring this policy of insurance, or contained in the application for the policy or schedule of warranties, copy of which application or schedule of warranties is attached to or made part of the contract of insurance, shall not void the policy, unless such misstatement or misrepresentation shall be shown to be material to the risk."

The policy was issued upon an application containing the following:

"I hereby apply for a policy to be based upon the following statement of facts: I understand and agree that the falsity of any statement in this application shall bar the right to recovery, if such false statement is made with the intent to deceive, or materially affects either the acceptance of the risk or the hazard assumed by the company."

And, among others, the following questions and answers:

"Do your average earnings per week from above occupation exceed the total amount of the single weekly indemnity under this and

similar policies carried by you?. Answer—Yes.

"What accident or health insurance have you now? Ans. Mutual Benefit Health & Accident."

Plaintiff, having on July 27 received an accidental injury from the discharge of a shotgun, which resulted in the loss of his left foot, made claim under the policy for the stipulated one-half of the principal sum. This claim was rejected by the insurance company on the ground that, at the time plaintiff signed the application, he had, in addition to the policy which he disclosed, a policy in the Southern Surety Company of Des Moines, and that the total amount of the weekly indemnities under plaintiff's policies was therefore considerably in excess of his weekly earnings.

The parties having filed a written waiver of jury, the cause stands submitted on an agreed statement of facts, the material points of which are as follows:

That on July 11, 1927, plaintiff, already holding a policy in the Mutual Benefit Health & Accident Association, providing a weekly indemnity in the sum of $46.66, while at San Marcos, Tex., on a visit to his parents, applied through the local agent, Ramsey, of the Southern Surety Company of Des Moines, for a policy of accident insurance in the sum of $10,500, providing for a weekly indemnity of $35, and providing for the payment of $5,250 for the loss of a foot. That the agent advised plaintiff that the application must be forwarded to the general agents at San Antonio, who had authority to issue the policy, and that the policy would be issued in due course, unless for some unknown reason the surety company declined to issue it.

The application was forwarded, and the general agents did, on July 12, 1927, duly prepare and execute the policy, forwarding it by mail to Ramsey at San Marcos. Plaintiff thereafter inquired of Ramsey whether the policy had been received, was advised that it had not, and directing Ramsey to forward it to him at Harlingen, when received, and returned to Harlingen.

On July 15, through the solicitation of the agents for the defendant at San Benito, plaintiff applied in writing for the policy of insurance sued on, at that time having no further information about his Southern Surety policy. Upon the application then made the policy in suit was issued, and on July 18 delivered to the plaintiff, who paid the required premium. On that same day plaintiff wrote Ramsey, inquiring about his

Southern Surety policy, and again asking that it be forwarded. On July 22 Ramsey forwarded the policy of insurance to plaintiff, the same being received on July 23, and the premium on the Southern Surety Company policy was paid August 16.

Plaintiff's average weekly earnings at the time of the application for the policy in suit were in excess of the weekly indemnities provided by that policy and the Mutual Benefit policy, but were less than the aggregate of the three policies. The Southern Surety Company policy was issued on an application which provided:

"The signing of this application does not effect an insurance contract, and that the insurance hereby applied for shall not be effective prior to the date and hour set forth in a policy actually issued by this company; such policy thereupon becoming effective if delivered to you while you are in good health and free from the effects of any injury, disease, or bodily infirmity."

Upon these facts defendant insists that, at the time of his making the application for the policy in suit, plaintiff had the Southern Surety policy, and that, in answering the question "What accident or health insurance have you now?" he should have disclosed that policy, and further that, having that policy, he should have answered the question as to whether his average earnings were in excess of his indemnities in the negative.

Plaintiff meets this position on two grounds: (1) That the matters sought to be elicited by the question in issue were material only to the matter of weekly indemnities, and not to a specific recovery, as in suit for the loss of a member, for which a precise indemnity was provided, citing Corpus Juris, vol. 1, p. 421; Ætna Life Insurance Co. v. Claypool, 128 Ky. 43, 107 S. W. 325; Claypool v. Continental Casualty Co., 129 Ky. 682, 112 S. W. 835. (2) That, if the questions did call for matter material in this suit, they were truthfully answered, because at that time he did not in law have the Southern Surety policy.

No contention is made that plaintiff answered in bad faith. The insistence is that the matters inquired about were material to the risk, and, being false, they avoided the policy.

[1] I think it plain that the questions had to do with matters material to the risk, not only as a matter of law in cases generally, but as a matter of fact in this case. As shown by the agreed statement, the rules and regula-

tions issued by defendant directed its agents as follows:

"Do not overinsure any applicant; the weekly indemnities must not exceed over three-fourths of the average money value of the insured's time, or the amount of his weekly salary or wages."

I therefore reject plaintiff's contention that the case is ruled by the Claypool Cases, supra. I do not believe these cases state a sound principle of law as to this case, whatever might be said of their authority as to the particular facts decided in them; for it is plain that the policy in question here is not three policies, but one and indivisible, each risk insured and payment guaranteed under it being covered by the same premium, and an integral part of one complete contract, the issuance of which entire contract is dependent upon its weekly indemnities being less than the insured's weekly earnings.

But, if these cases do state a proper principle, and if plaintiff's recovery would not be affected by his answer to the question of indemnity, if false, this would not avail plaintiff, because, in addition, plaintiff must defend himself from the consequences of his answer to the other question about additional insurance.

Viewing the matter in this light, it is plain that, if defendant has shown that plaintiff made a false answer to these questions, that, in short, he had at that time, in fact and in law, the Southern Surety Company policy, plaintiff cannot recover. It remains, then, only to inquire whether defendant has established this defense.

[2] That the Southern Surety Company policy was a conditional delivery policy, and did not become effective until delivered to plaintiff, is clearly settled by the authorities. John Hancock Mutual Life Ins. Co. v. McClure (C. C. A.) 218 F. 597. Plaintiff therefore declares that, since it did not become effective until delivered, and since it was not delivered until long after the application for defendant's policy, which was issued to him, plaintiff had no right to take this policy into consideration in answering the questions put to him; but that in fact,

if he had done so, there would have been a misrepresentation.

Defendant seems to pitch its main contention upon the theory that plaintiff owed a general duty of disclosure as to facts not inquired about, and that under that general duty he should have advised defendant that he had an application pending, and it cites Josephine Stipcich v. Metropolitan Life Ins. Co., 48 S. Ct. 512, 72 L. Ed. ——. This case has no application to the one at bar, for there the facts material to the risk, and known to the insured to be material, were discovered before the delivery of the policy, while here the insured had no way of knowing that his application for a policy was material, and the fact that he had the policy, not only was not known to him, but did not come into existence as a fact until after the policy in suit had been issued.

[3, 4] Besides, it is the law that, "where an insurer propounds questions to the applicant, and he makes full and true answers, he is not answerable for an omission to mention the existence of other facts about which no inquiry is made of him, though they may turn out to be material." Penn Mutual Life Ins. Co. v. Mechanics' Savings Bank & Trust Co. (C. C. A.) 72 F. 413. And this for the reason, stated in the Stipcich Case, that information not asked for is presumed immaterial.

In what purports to be a copy of the application attached to the policy, there appears this question unanswered:

"Have you made any application for life, health, or accident insurance of any kind, upon which you have not been notified of action thereon?"

The application which he answered and signed was upon a different form, and did not contain this question. It certainly does not lie in the mouth of the defendant now to claim that what it did not think material enough to inquire about can be set up as material to defeat its contract. It is my conclusion, therefore, that defendant has not established its defenses of misrepresentation, and that plaintiff should recover.

A decree presented in accordance with this opinion within ten days will be ordered filed.