1 N.Y.2d 534 (1956)
Happy Hank Auction Co., Inc., Appellant,
v.
American Eagle Fire Insurance Company et al., Respondents.
Court of Appeals of the State of New York.
Argued April 25, 1956.
Decided July 11, 1956.
Gilbert Goldstein and Lawrence Kovalsky for appellant.
Herbert P. Polk, Frederic C. Pitcher and Robert S. Newman for respondents.
CONWAY, Ch. J., DYE, FULD, FROESSEL and BURKE, JJ., concur with DESMOND, J.; VAN VOORHIS, J., dissents and votes to affirm.
*537 DESMOND, J.
A fire in plaintiff's furniture store on December 7, 1953 caused extensive damage to merchandise, fixtures and leasehold improvements which were insured against fire by the 15 defendants under policies with total coverage of $95,000. The proofs of loss submitted to defendants by plaintiff claimed a total value of about $139,000 for the property damaged or destroyed, and damage or loss thereto of about $129,000. Of the latter claimed total, about $71,000 was asserted to be damage to merchandise "in sight" after the fire, about $20,000 was claimed for merchandise missing or unidentifiable after the fire, and about $38,000 covered the alleged damage to improvements, betterments and fixtures.
The parties were unable to agree as to the amount of loss, since the insurers thought the above figures greatly exaggerated. Exercising their rights under their policies (lines 115-122), the insurers conducted in April, May, June and October, 1954 numerous and extensive oral examinations under oath of plaintiff's principal officer and its accountant. During the last of those hearings plaintiff through counsel announced that it was amending its proofs of loss by withdrawing so much of its claim as represented the value of missing merchandise, thus reducing its total demand to about $109,000. At the same time the insured, pursuant to policy provisions (lines 123-140), demanded an appraisal and named its appraiser but the insurers refused and have ever since refused to take part in any appraisal. Not only was no agreement reached as to the amount of damage but the insurers took the position that by reason of plaintiff's intentional and fraudulent concealments, misrepresentations and refusals to produce documents and information during the examinations, plaintiff has breached the policies and forfeited all rights to collect any amount thereon (see Insurance Law, § 168, and lines 1-6 of these policies). In the present suit brought by plaintiff in November, 1954, defendants have obtained on affidavits a summary judgment of dismissal. The import and effect of that judgment is to declare not only that plaintiff cannot force an appraisal but that the policies are void because "plaintiff has willfully and designedly refused to answer questions and produce documents that are indisputably material to its claim" and has been guilty of "a fully informed refusal to comply substantially with the terms of the policies" (286 App. Div. 510). We agree with the Appellate Division that plaintiff cannot have *538 specific performance of the appraisal convenant, but as to the other question (alleged willful and material concealments and refusals to produce, etc.) we hold that there are triable issues of fact.
The complaint herein as to each defendant contains a cause of action asserting that under the standard appraisal clause (see policies, lines 123-140, and Insurance Law, § 173) in each policy plaintiff has an absolute right to require that the loss and damage be determined by appraisal. The prayer for judgment as to each of those "first" causes of action is that the particular insurer defendant be required to proceed to appraisal and that the trial of the "second" causes of action (hereafter described) in the complaint be stayed until the appraisal shall have been had. We agree with the Appellate Division that plaintiff can have no such relief. Despite the mandatory language of the standard policy, the New York courts have no power to require an insurer to take part in an appraisal demanded by an insured but refused by his insurer. On the other hand, if the insurer demands appraisal and the insured fails or refuses to comply, the insured forfeits his right of action on the policy (policy, lines 157-161; Matter of Delmar Box Co. [Ætna Ins. Co.], 309 N.Y. 60, 65). Such is the settled New York law. Nothing in article 84 of the Civil Practice Act or elsewhere gives the insured any right to relief either by special proceeding or by suit for specific performance (Syracuse Sav. Bank v. Yorkshire Ins. Co., 301 N.Y. 403, 410-411; Matter of Delmar Box Co. [Ætna Ins. Co.], supra). There is a contrary rule in Ohio (Saba v. Homeland Ins. Co., 159 Ohio St. 237) but this court is so far committed on the question that remedial action must come from the Legislature, if at all.
On the other branch of the case we cannot agree with the Appellate Division. The affidavits on defendants' motion for summary judgment (including the minutes of the examination incorporated into an affidavit by reference) do no more, in our view, than set up questions of fact for trial. There were, of course, failures by plaintiff to produce parts of its books of account, also invoices, etc., but it was plaintiff's sworn testimony at the presuit hearings that all these had been lost in the fire. As to plaintiff's refusal to show or give defendants access to copies of plaintiff's tax returns, there not only is an arguable question as to whether such production was required by the *539 policies (see policies, lines 117-123) but a further question as to whether the inventory figures thereon would be material to the dispute as to the fire damage. Plaintiff did exhibit at the examinations what purported to be the original of an inventory taken a few weeks before the fire. As to plaintiff's withdrawal of part of its claim (on the advice of counsel, it would seem) such an amendment is within an insured's rights (see McMaster v. President & Directors of Ins. Co. of North America, 55 N.Y. 222). Under some circumstances such a change of position might be evidence, at a trial, of fraud or concealment (see Corn Novelty Co. v. Norwich Union Fire Ins. Soc., 176 App. Div. 261, 263; Wicklow v. United States Fidelity & Guar. Co., 220 App. Div. 199; Gipps Brewing Corp. v. Central Mfrs. Mut. Ins. Co., 147 F.2d 6). But the dispute as to whether there was here a willful and fraudulent withholding of information required by the policy is essentially the kind of question of fact that cannot, except in the most extreme of cases, be resolved through study of affidavits. A trial might or might not result in a finding that the papers and data demanded were material and that there had been a hiding thereof, willfully and with wrongful intent (see Porter v. Traders' Ins. Co., 164 N.Y. 504; Sebring v. Fidelity-Phenix Fire Ins. Co., 255 N.Y. 382, 385; Gibbs v. Continental Ins. Co., 13 Hun 611; 5 Joyce on Insurance, p. 5548). So, a trial there must be.
Although this suit is brought in equity, we consider that its allegations (with the first or appraisal counts stricken) sufficiently state causes of action at law against the several insurer defendants on the policies.
The judgment appealed from should be modified by eliminating therefrom the provisions for dismissal of the second cause of action against each defendant and, as so modified, affirmed, with costs in this court and in the Appellate Division.
Judgment modified in accordance with the opinion herein and, as so modified, affirmed, with costs to appellant in this court and in the Appellate Division.