JAMES O. SEBRING, Respondent, *v.* FIDELITY-PHENIX FIRE INSURANCE COMPANY OF NEW YORK, Appellant.

(Argued January 9, 1931; decided February 10, 1931.)

*W. Earle Costello* for appellant. Plaintiff's failure to disclose the facts relative to the criminal record of his tenant was a concealment of material facts and voided the policy. (*American Credit Co.* v. *Wimpfheimer*, 14 App. Div. 498; *Rothmiller* v. *Stein*, 143 N. Y. 581; 3 Cooley's Briefs on Insurance [2d ed.], 1961; *Clark* v. *Ins. Co.*, 40 N. Y. 333; *New York Bowery Ins. Co.* v. *New York Fire Ins. Co.*, 17 Wend. 359; *Smith* v. *Home Ins. Co.*, 47 Hun, 30; *People* v. *Liverpool, London & Globe Ins. Co.*, 2 Thomp. & Cook, 268.)

*James O. Sebring* for respondent. Evidence regarding the moral character of the tenant was wholly immaterial and properly excluded. (*Sebring* v. *Firemen's Ins. Co.*, 227 App. Div. 103; *Ampersand Hotel Co.* v. *Home Ins. Co.*, 198 N. Y. 495.)

O'BRIEN, J. Plaintiff owns a farm in Tioga county situated a few miles from the village of Owego. He testified that during the year 1921 or 1922 he purchased it for the sum of $11,500 and within a year or two improved it by the erection of a large barn costing $10,000. In the year 1926 the land with all improvements was assessed at $4,800, and defendant's real estate experts estimated its market value in that year at $8,000. Since its purchase by plaintiff, the farm has never earned a profit. Not since the barn was built has any stock been kept on the farm. The principal produce was hay. Until July, 1926, the buildings were insured for only $1,600. Sometime during that year William H. Hubbard came to occupy the farm as a tenant. He had been a farmer in Ontario county and had kept a restaurant. Plaintiff, who is an attorney at law, testified that he had known Hubbard for years and had represented him in litigation. In July the insurance was increased by $2,050, in August by the same amount and in January, 1927, $12,400 more was added. A small proportion of this new insurance covered household property, farm produce and machines. Plaintiff testified that in March, 1927, he entered into a written contract of sale to Hubbard. On April 4, 1927, defendant, at plaintiff's request, made the following indorsement on its policy: "Title to property insured under the policy is now vested in James O. Sebring, owner and William H. Hubbard, purchaser under land contract as interest may appear." On the night of May 23, 1927, fire destroyed the farm house, the large barn, the toolhouse and the woodhouse. In the proof of loss prepared by plaintiff and Hubbard the origin of the fire is stated to be lightning. There is no competent evidence in behalf of plaintiff that lightning had occurred in the vicinity of the farm on the night of the fire, but for defendant two witnesses testified that there was no lightning. One year later, Hubbard assigned to plaintiff all his right in and to the loss under the policy. He

was present at the trial but did not testify. The jury rendered a verdict in plaintiff's favor for $3,950. The judgment has been unanimously affirmed and leave to appeal to this court granted by the Appellate Division.

The standard form policy includes this provision: " Fraud, misrepresentation, etc. This entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof." In its pleading, as well as at the trial by exceptions, and in this court defendant raised the point that plaintiff's failure to disclose the facts known to him in respect to Hubbard's record, when he caused the indorsement to be made on the policy in April, 1927, constitutes a concealment of material facts and voided the policy. It offered to prove that plaintiff, as attorney, had represented Hubbard in various actions against insurance companies involving insurance losses, that Hubbard had been convicted in Pennsylvania of conspiracy to defraud insurance companies and that plaintiff had defended him on his trial for that crime. Objections to the questions were sustained and the exemplified copy of the record of conviction was excluded. We think reversible error was thereby committed. Defendant was entitled to prove, if it could, that the facts relating to Hubbard were material, that they were concealed and that the concealment was fraudulent.

The question of the materiality of a representation or concealment is ordinarily for the jury. (*Penn Mut. Life Ins. Co.* v. *Mechanics S. B. & T. Co.*, 72 Fed. Rep. 413.) The usual test relates to the effect which knowledge of the fact would have on the making of the contract. That test is complete if such knowledge would influence the parties in making it. If the underwriter, with full information, would have refused to accept the risk, then the concealment is material. The undisclosed fact need not be of such a nature as to have increased the risk or contributed to any loss or damage. (Vance on Insurance

[2d ed.], p. 347; *Jefferson Ins. Co.* v. *Cotheal*, 7 Wend. 72.) The fact that an owner had placed upon premises, about to become the subject of an insurance contract, a pyromaniac or even a sane person whose chief activity consisted in the commission of arson for the purpose of collecting insurance would present such a perfect illustration of materiality that no jury could fail to recognize it. In a lesser degree, the occupation of the premises by one who had been convicted of such an offense only on a single occasion would constitute sufficient evidence for the consideration of a jury and might form a solid basis for a verdict holding that concealment of that fact is material. As far as materiality is concerned, no different principle exists in marine, fire and life insurance.

Duty to disclose a material fact manifestly is not the same thing as materiality itself. Concealment is the designed and intentional withholding of any fact material to the risk which the assured in honesty and good faith ought to communicate to the underwriter. (*Daniels* v. *Ins. Co.*, 12 Cush. 416, 425.) A fact may be material yet, under certain circumstances, courts have held that no obligation rests upon the assured voluntarily to reveal it. Some conditions may be so patent that they can be recognized without inquiry. Information relating to many can be readily ascertained from inspection or from persons other than the applicant. If fraud be absent, the assured may remain silent in respect to many matters concerning which the underwriter fails to question him. These are the rules so frequently enforced in actions in which fire and life policies are involved. In this State they do not govern marine risks, for here as well as in England the rule of utmost good faith in that kind of insurance has been applied. The English courts have extended that doctrine into all branches of insurance. Decisions in our State and Federal courts have not carried it so far, but even in cases construing life and fire policies the rule has been formulated which requires

good faith and fair dealing by both insurer and insured. (*Mutual Life Ins. Co.* v. *Hilton-Green*, 241 U. S. 613.) Unless non-disclosure of a fact, concerning which he has not been asked, be fraudulent, the applicant's omission to state it will not avoid a fire or life policy. (*Valton* v. *National Fund Life Assur. Co.*, 20 N. Y. 32; *Smith* v. *Countryman*, 30 N. Y. 655, 671; *Mallory* v. *Travelers' Ins. Co.*, 47 N. Y. 52; *Browning* v. *Home Ins. Co.*, 71 N. Y. 508.) If fraudulent intent be present, of course, the opposite result will follow. In order to constitute fraud, there must be suppression in bad faith with intent to mislead the insurer. (*Penn Mut. Life Ins. Co.* v. *Mechanics' S. B. & T. Co.*, 72 Fed. Rep. 413.) There must be a willful intent to defraud, and not a mere mistake or oversight. (*Collins* v. *Iowa M. Ins. Co.*, 184 Iowa, 747, 753.) If the applicant is aware of the existence of some circumstance which he knows would influence the insurer in acting upon his application, good faith requires him to disclose that circumstance, though unasked. (Vance on Insurance [2d ed.], p. 343.) An early decision in this State (*New York Bowery Ins. Co.* v. *New York Fire Ins. Co.*, 17 Wend. 359) closely approaches the principle of the case now before us. There an insurer had executed a contract of fire insurance with an individual who, as it was later informed by an officer of another fire insurance company, possessed a bad character, had previously been insured by other companies, had twice been burned out, was in bad repute with underwriters and would not be insured by informant's company. With such information in its possession and without disclosure, the insurer shortly thereafter effected a contract of reinsurance with another company. The court held that the duty existed to disclose this information and failure to do so rendered void the policy of reinsurance. *Ampersand Hotel Co.* v. *Home Ins. Co.* (198 N. Y. 495), decided by a bare majority of this court, deals with issues different from the one before us. There one of the questions was whether an uncompleted con-

spiracy to burn, which had been entered into subsequent to the writing of the policy, constituted fraud within the meaning of that contract. The majority held that the contract was unaffected, the subject of the insurance remained the same and no liability of the insurer was increased. Another issue related to the question whether the hazard had been increased by the formation of the conspiracy and again the majority held that, in the absence of some overt act, there was no increase of hazard. In this case is involved the question whether plaintiff's failure to disclose important events alleged to have occurred in Hubbard's career previous to the execution of the amended contract affected the making of that contract and whether his reticence on that subject resulted from a fraudulent intent to induce the making of a contract from which defendant, in the exercise of ordinary business prudence, would have remained aloof.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Judgments reversed, etc.