LILLIAN WEBER, Respondent, *v.* PHILADELPHIA FIRE AND MARINE INSURANCE COMPANY, Appellant.

First Department, January 28, 1944.

*Emanuel H. Reichart* of counsel (*J. Bertram Wegman* with him on the brief; *Wegman & Climenko,* attorneys), for appellant.

*Milton Lerner* for respondent.

DORE, J. This action is for $757, the claimed value of a ring insured against loss by defendant's policy issued to plaintiff. Plaintiff testified she owned the ring, a diamond engagement ring, for seventeen years before the trial; that it had been appraised in her presence on February 19, 1941, by an appraiser at the office of Miss Frommer, the broker; that the appraiser gave the appraisal to the insurance broker and defendant issued its policy. The appraisal dated February 19, 1941, valuing the ring at $757 was produced by defendant and received in evidence. The policy is dated February 26, 1941, but coverage extended from February 21st. Plaintiff claimed she lost the ring on June 13, 1941, about four months after the policy was issued. She discovered the loss after shopping for dresses at Klein's store on Fourteenth Street, Manhattan, reported it at once to the department store and the next day to the police. Plaintiff rested after having offered the policy, the appraisal, her testimony of the loss and proof of the claimed value of the ring by Ben Herman who made the appraisal.

Defendant interposed the defense of misrepresentation in inducing the contract, claiming that plaintiff represented to defendant the ring had been appraised at $750 on February 19, 1941, when the ring was in plaintiff's possession, whereas in fact the representations were false as plaintiff was not in possession of the ring on such date and the ring was not appraised at the value claimed. Defendant called Fannie

Weber, plaintiff's mother-in-law, who testified that the ring in question was in her safe deposit box in the Public National Bank from January, 1941, to March 19, 1941, and that she had never been to the box between January 14th and March, 1941. An employee of the bank testified that no one was permitted access to a safe deposit box therein without signing a slip. He produced two slips signed by the witness Fannie Weber, one dated January 14, 1941, and the second March 19, 1941, the dates when the witness Fannie Weber testified she had access to the box, and no slips between such dates.

On June 23, 1941, plaintiff gave defendant in writing a statement that her mother-in-law had placed the ring in her safe deposit vault a few days after New Year's day, 1941, had returned it to plaintiff on or about February 12th and a day or two later had replaced it in the safe deposit box where it remained until she took it out for her son's confirmation on March 19, 1941.

The court in the main charge gave a full summary of plaintiff's evidence without any reference to defendant's defense above outlined. On the contrary the jury was told defendant had offered no affirmative proof, and could not deny the policy, plaintiff's ownership, the value of the ring, $757, and the loss at Klein's. The last sentence of the main charge, practically the only reference to defendant's claims, in effect restricted the defense to a denial of ownership and loss, completely ignoring the defense of false representation.

After the main charge, defendant's counsel made a great number of meticulous and repetitious requests on the issue of fraud and false representation. While the court repeatedly charged on these items in answer to such requests, the charges were at variance with the main charge and in part inconsistent.

The evidence presented issues of fact and if properly submitted to the jury, their verdict should be conclusive. We express no opinion on the merits of plaintiff's claim. In spite of general admonitions that the issues of fact were for the jury, the effect of the court's charge was to give the jury an unfair presentation of the issues and plainly to indicate the court's opinion on the merits. The result was to deprive defendant of a fair trial. On this ground alone we are constrained to reverse the judgment.

On plaintiff's objection the court did not permit the witness Adams, an insurance company representative, to say whether defendant would issue the policy without an appraisal or if it knew that the appraisal was made by one who did not have

the ring before him when the purported appraisal was made. Under subdivision 2 of section 149 of the Insurance Law no representation is deemed material unless knowledge by the insurer of the facts misrepresented would lead to the refusal of the contract; and under subdivision 3 evidence of the insurer's practice with respect to acceptance or rejection of similar risks is made admissible on the issue of materiality. In *Sebring* v. *Fidelity-Phenix Fire Ins. Co.* (255 N. Y. 382, 385) the court said: " The question of the materiality of a representation or concealment is ordinarily for the jury. (*Penn Mut. Life Ins. Co.* v. *Mechanics' S. B. & T. Co.*, 72 Fed. Rep. 413.) The usual test relates to the effect which knowledge of the fact would have on the making of the contract. That test is complete if such knowledge would influence the parties in making it. If the underwriter, with full information, would have refused to accept the risk, then the concealment is material. The undisclosed fact need not be of such a nature as to have increased the risk or contributed to any loss or damage." Here the inquiry was cut off at its very outset. We think it was error to exclude proof properly admissible under subdivisions 2 and 3 of section 149.

For the reasons stated the determination of the Appellate Term and the judgment of the Municipal Court appealed from should be reversed and a new trial ordered, with costs in this court and in the Appellate Term to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Determination of the Appellate Term and judgment of the Municipal Court unanimously reversed and a new trial ordered, with costs in this court and in the Appellate Term to the appellant to abide the event.