## ROSS v. INSURANCE CO. OF NORTH AMERICA.
### No. 72, Docket 22133.

United States Court of Appeals, Second Circuit.

Argued Nov. 5, 1951.

Decided Jan. 4, 1952.

Powers, Kaplan & Berger, New York City, Moses Finesilver, New York City (Irwin Leibowitz, New York City, of counsel), for defendant-appellant.

Joseph L. Greenberg, New York City, for plaintiff-appellee.

Before SWAN, Chief Judge, and FRANK, Circuit Judge and COXE, District Judge.

FRANK, Circuit Judge.

 Defendant argues that the recovery is barred by the non-disclosures (1) that the insured had earlier been convicted and (2) that she was about to be tried for prostitution. We think not. According to Stecker v. American Home Fire Assur. Co., 299 N.Y. 1, 84 N.E.2d 797, this kind of policy, although called an "inland marine policy," is governed by the ordinary insurance rule concerning disclosure of matters material to the risk. Under this rule, absent an inquiry by the insurer, the insured had no duty to make such disclosures. We think no fraud was proved. As the trial judge saw and heard plaintiff's witnesses and found their stories credible, we must reject defendant's attack on their credibility. We think there was no affirmative misrepresentation in the statement that she was in the real estate business, since she did lease and sublet apartments, even if she sub-let part of the premises for prostitution purposes.

The judge, in entering judgment in the principal sum of $2800, found in effect that this was the value of the furs at the time of the loss. On the evidence, we cannot say this was "clearly erroneous."[1]

Affirmed.

---

1. The judge could reasonably conclude that two of the missing items had been worth $2500 some six months before the loss, and that, because of wear and tear, they were worth $2200 at the date of loss; he could also reasonably conclude that the third item was worth $600 when the loss occurred.