Linda **ROSENFELD,** Plaintiff,

v.

**UNION INSURANCE SOCIETY OF CANTON, Limited, Defendant.**

Civ. No. 17036.

United States District Court
E. D. New York.
Dec. 23, 1957.

Jerome Lewis, Brooklyn, N. Y., for plaintiff.

Greenhill & Greenhill, New York City, for defendant.

ZAVATT, District Judge.

The plaintiff has commenced an action in this Court upon an insurance policy protecting against losses due to theft, pilferage or larceny of certain personal property therein stated. Plaintiff alleges the theft by larceny or burglary of items having a value of $7,335, covered by the policy; the filing with the defendant in due course of a proof of loss; and the breach of the policy by defendant in that it has failed and neglected to pay plaintiff the amount of the loss. A stated condition of the policy is that "This policy shall be void if the Assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof or in case of any fraud, attempted fraud or false swearing by the Assured touching any matter relating to this insurance or the subject thereof, whether before or after a loss".

As a defense to the action, the defendant alleges that the plaintiff was, in good faith, under a duty, at the time of ordering the policy, to inform the defendant of her husband's alleged arrest, detention and conviction of various crimes, poor financial condition, and record of unfavorable civil litigation, and that in order to induce the issuance of said policy, and with intent to defraud the defendant, plaintiff fraudulently concealed from defendant the record of her husband and made no mention thereof. Defendant further alleges that it had no knowledge of the plaintiff's husband's alleged record until after the alleged loss sued upon herein, and that such knowledge would have caused it to refuse to issue the policy of insurance.

The instant motion has been brought on by plaintiff to vacate interrogatories served upon her by the defendant, which interrogatories seek to elicit information regarding the identity of plaintiff's husband, the residence addresses of plaintiff and her husband for a period of time prior to their marriage, five alleged arrests of plaintiff's husband, four alleged convictions (including a conviction for petty larceny), and seven civil suits suffered by plaintiff's husband, including a suit in which plaintiff was a co-defendant. The defendant contends that the interrogatories served by it are in aid of its defense which alleges concealment in the inception of the policy with regard to the civil and criminal records of plaintiff's husband.

The defendant does not allege that inquiry was made into the record of plaintiff's husband at the time it issued the policy and, in fact, appears to con-

cede in its brief that no inquiry was made. The defense is based upon Sebring v. Fidelity-Phenix Ins. Co., 1931, 255 N.Y. 382, 174 N.E. 761, wherein it was held, under a policy containing a condition such as that recited above, that that which was necessary to void the policy was suppression of a material fact, in bad faith, with intent to mislead the insurer, and that if an applicant is aware of the existence of some circumstance which he knows would influence the insurer in acting upon his application, good faith requires him to disclose that circumstance, though unasked. A concealment is material where the underwriter, with full information, would have refused to accept the risk. Stating that the materiality of a concealment is ordinarily a question for a jury, the Court of Appeals remanded that case for a trial of the questions of whether the concealment therein affected the making of the contract, and whether the insured's reticence resulted from a fraudulent intent to induce the making of a contract from which the defendant, in the exercise of ordinary business prudence, would have remained aloof. Stecker v. American Home Fire Assur. Co., 1949, 299 N.Y. 1, 84 N.E.2d 797, 800, upon which plaintiff relies, merely states the converse of the rule in Sebring, i. e., that where "the insurer makes no inquiry, and the insured no representation, as to the fact in question, then concealment, *short of* actual fraud, in respect to such a fact, does not void the policy." 299 N.Y. 1, 8, 84 N.E. 2d 797. (Emphasis supplied.) Cf., Ross v. Insurance Co. of North America, 2 Cir., 1952, 193 F.2d 428.

 Here, the defendant has alleged the duty of plaintiff to inform it of the record of her husband, that with intent to defraud defendant plaintiff concealed such record from it, and that knowledge of such record would have caused it to refuse to issue the policy of insurance. Affidavits submitted by defendant's counsel state it to be the position of defendant that the insurance herein was taken out in the wife's name to hide the past criminal and civil record of her husband, and that it is her husband who controls the instant claim. With the record in this posture, the question appears to be one of the right of the defendant to go to a jury on the issue of the materiality of the failure of plaintiff to volunteer information concerning her husband's record. This Court cannot state that a jury would not find a material concealment here within the test set forth in Sebring, supra. See Du Bois v. Camden Fire Ins. Ass'n, D.C.E.D.N.Y.1948, 75 F.Supp. 910.

 Having thus determined that a valid defense has been pleaded, which, if sustained, will bar recovery by the plaintiff, it remains only to state that the matters as to which the interrogatories herein relate are relevant to the defense of the examining party, and are the proper subjects of discovery under Rules 33 and 26(b) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A.

Plaintiff's motion is denied. The attorneys for defendant will settle order on notice.