■ GARY LIGHTON et al., Appellants, v MADISON-ONONDAGA MUTUAL FIRE INSURANCE COMPANY et al., Respondents. — Judgment unanimously affirmed, without costs. Memorandum: In this action to recover for a fire loss defendant insurers asserted the affirmative defense, *inter alia,* that plaintiffs had willfully concealed the fact that their property had been damaged by fires of a suspicious nature prior to the issuance of the policies. Following a trial, the jury, to whom special questions had been submitted by the court, determined that the defendants did not prove concealment but that they had proved that the fire was deliberately set. On this appeal plaintiffs contend that the trial court erred in not dismissing the affirmative defense of concealment and they claim prejudice by reason of the admission of trial testimony concerning the earlier incidents. The proof established that plaintiffs were asked no question with relation to prior fires when they applied for the insurance; that a few months earlier a fire had occurred in their basement; that the fire was deemed suspicious by a fire investigator who informed plaintiff Gary Lighton of that fact; and that, had the defendants been aware of the circumstances of the fire, the insurance policies would not have been issued.

Concealment is "the designed and intentional withholding of any fact material to the risk which the insured in honesty and good faith ought to communicate to the [insurer]" (*Sebring v Fidelity-Phenix Fire Ins. Co.,* 255 NY 382, 386). Fraudulent concealment may void an insurance policy, even if the fact

concealed was not one inquired into by the insurer (9 Couch, Cyclopedia of Insurance [2d ed], § 38:36, p 358; 12A Appelman, Insurance Law and Practice, § 7276, p 333). In our view, the proof here established that there had been a concealment. The materiality of the facts concealed and the plaintiffs' intent in concealing these facts were appropriately left to the jury to decide (9 Couch, Cyclopedia of Insurance Law [2d ed], § 38:39, p 363). If the applicant for insurance is aware of the existence of circumstances which he knows would influence the insurer in acting on the application, he is required to disclose that circumstance to the insurer, though unasked (*Sebring v Fidelity-Phenix Fire Ins. Co., supra,* p 387). (Appeal from judgment of Supreme Court, Onondaga County, Aloi, J. — recover insurance proceeds.) Present — Doerr, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.