NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Plaintiff,

v.

William R. DIXON, Jr.; Roger M. Bernstein; John M. Yoeckel; Robert E. Gee; and John L. Wright; Pacific Energy Group, Inc.; Bill Schones; Lillian Yoeckel; Denver R. Mills; Thomas E. Anderson; Oklahoma Production Company, Inc.; Pacific Energy Producers; Pacific Energy Producers, L.T.D.; Western Mud Company; Pacific Energy Partners; Southwestern Drilling, Southwestern Drilling Company, Inc., Southwestern Drilling Management Company, Inc., Defendants.

William DIXON, Roger Bernstein, John Yoeckel, Robert Gee, John Wright, Pacific Energy Group, Inc., Oklahoma Production Company, Inc., Pacific Energy Producers, Pacific Energy Producers, Ltd., Western Mud Company, and Pacific Energy Partners, Cross-Complainants,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Cross-Defendant.

No. C–86–5075 SAW.

United States District Court, N.D. California.

July 16, 1987.

Lewis, D'Amato, Brisbois & Bisgaard, Duane C. Musfelt, Robert S. Wood, San Francisco, Cal., for plaintiff.

Ronald E. Hothem, Ansel D. Kinney, Law Offices of Hothem & Sampson, San Francisco, Cal., for defendants.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

WEIGEL, District Judge.

National Union Fire Insurance Company of Pittsburgh, PA ("National Union") brought this action seeking rescission of two insurance policies. The policies insured numerous limited partnerships, their general partners, and certain affiliates of the general partners against liability for certain categories of wrongdoing. Defendants claim coverage under the policies. National Union rejects their claims, based in part on alleged misrepresentations made by some of the defendants in applying for the policies.

Eleven of the defendants ("movants") now move for summary judgment. They contend that National Union's claims are time-barred under section 650 of the California Insurance Code. Section 650 states that any "right to rescind a contract of insurance ... given to the insurer by any provision [of Part 1 of Division 1 of the Insurance Code] may be exercised at any time previous to the commencement of an action on the contract...." Movants argue that "an action on the contract" was "commenced" in state court on February 25, 1986, when five of them sued National Union for breach of contract, bad faith, and other state insurance causes of action, and that National Union was thereafter barred from exercising its "right to rescind" under section 650.

National Union argues that the statute is inapplicable to this case, because it does not seek to exercise a "right to rescind ... given ... by any provision" of the Insurance Code. Rather, it argues, it seeks the judicial remedy of rescission made available in section 1689 of the state Civil Code, to which section 650 of the Insurance Code does not apply. National Union also argues that the law of Oklahoma, rather than that of California, is applicable here.

The Court need not resolve these issues. The fundamental flaw with the motion lies not in movants' construction of section 650, but in their implicit assumption that the unavailability of a particular remedy defeats the underlying cause of action. Section 650 pertains solely to the remedy of rescission. It does not bar National Union from obtaining other relief from defendants if the facts warrant.

Movants may have been led astray when National Union labelled its complaint "COMPLAINT FOR RESCISSION" and entitled the only cause of action therein "FIRST CLAIM FOR RELIEF (RESCISSION)". These labels confuse the concept of a remedy with that of the legal theory which provides a basis for a remedy. The complaint is based upon the legal theory of fraud. To obtain summary judgment, movants must show that National Union is unentitled to relief on that theory. It is not enough to assert the unavailability of one particular remedy, regardless of how prominently that remedy is mentioned in the complaint.

Moreover, National Union does not limit its prayer for relief to rescission only. The complaint also prays for "such other and further relief as this court may deem just and proper." National Union may be able to prove that it is entitled to "such other relief." For example, several of the defendants have been sued by their limited partners in other courts. Prevailing limited partners who are unable to satisfy their judgment against one of the defendants may be entitled to proceed against National Union. *See Barrera v. State Farm Mut. Automobile Ins. Co.*, 71 Cal.2d 659, 79 Cal.Rptr. 106, 456 P.2d 674 (1969). National Union would then be entitled to obtain damages from defendants for misrepresentation, irrespective of section 650. *See Barrera*, 71 Cal.2d at 681, 79 Cal.Rptr. 106, 456 P.2d 674.

The record does not make clear whether National Union is faced with such claims. Movants are to blame for this factual uncertainty, because they failed to file a statement of material facts not in dispute as required by Local Rule 220–7. Even assuming *arguendo* there are not yet any unsatisfied judgments for which National Union may be liable, it nevertheless appears from the record that several suits against defendants are still pending. Movants have offered no authority precluding National Union from obtaining non-rescissionary declaratory relief against defendants in anticipation of future claims by the limited partners.

Finally, the pendency of movants' counterclaims renders the issue of rescission largely moot. Regardless of whether section 650 bars rescission at this stage, National Union is clearly entitled to proceed with proof of misrepresentation as a defense to movants' claims of wrongful insurance practices. *See Barrera*, 71 Cal.2d at 681, 79 Cal.Rptr. 106, 456 P.2d 674. If there was no representation, then movants may be able to obtain damages and the other relief they seek in their counterclaim. If there has been misrepresentation, then National Union should be made whole for its losses; whether or not the Court then goes on to label the policies "rescinded" is a formality with no further substantive ef-

fect on the rights of any of the parties here. (Formal rescission might affect the rights of absent parties who are suing movants for wrongful acts covered by the policies, but movants lack standing to object to rescission on this ground; in any event, it is unlikely that a judgment of rescission would be binding on absent parties.)

For the foregoing reasons,

IT IS HEREBY ORDERED that the motion for summary judgment is denied.