77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ardelle WILLIAMS, Trustee for Chacklan Enterprises, Inc.,
Plaintiff-Appellant,
v.
CHUBB GROUP OF INSURANCE COMPANIES; The Federal Insurance
Company, Defendants-Appellees.
 No. 94-56103.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1996.
Decided Feb. 16, 1996.
 
 Before: POOLE, WIGGINS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ardelle Williams, the Chapter 7 bankruptcy trustee for Chacklan Enterprises, Inc., appeals from the district court's judgment for The Federal Insurance Company, which followed the court's order granting Federal's motion for a new trial and its subsequent order granting Federal's motion for summary judgment. Williams asks us to reverse these post-verdict orders, reinstate the original judgment in her favor, and remand for a calculation of prejudgment interest and attorney's fees. We have jurisdiction over this appeal, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Under long-standing California law, an applicant for fidelity coverage, as Chacklan was here, has an absolute duty to disclose to the insurer all known facts material to the risk; a failure to make such a disclosure is a complete defense to coverage, as such failure by law discharges the insurer from liability. See, e.g., Sumitomo Bank v. Iwasaki, 70 Cal.2d 81, 86-87, 73 Cal.Rptr. 564, 568 (1968); West American Fin. Co. v. Pacific Indem. Co., 17 Cal.App.2d 225, 234 (1936). Chacklan therefore had a duty to disclose to Federal, at the time it was procuring the binder for fidelity coverage, that its insiders had been and currently were engaged in a Ponzi scheme. Because Chacklan failed to do so, Federal has a complete defense to coverage.
 
 
 4
 Williams cannot avoid this defense by contending that the insiders' misconduct wasn't attributable to Chacklan and therefore not "Known" to Chacklan, as required by Sumitomo. Here, as in West American, the insiders--who were the sole shareholders, sole officers, and sole directors of Chacklan--were acting for Chacklan in procuring the fidelity coverage and "even though [they] may have [had] an opposing personal interest, it [was their] duty, notwithstanding [their] interest, to communicate to [Chacklan] any facts in [their] possession material to the transaction. In such case the law will presume in favor of [Federal] that [they] made such communication; and it is immaterial that [they] took some personal benefit from the fraud." West American, 17 Cal.App.2d at 236; see also McKenney v. Ellsworth, 165 Cal. 326, 329 (1913).[1]
 
 
 5
 Nor does Williams escape Federal's fraud defense merely because she is suing Federal in her capacity as the bankruptcy trustee for Chacklan. As trustee, she stands in Chacklan's shoes and therefore is subject to the same defenses or limitations that Federal might have asserted against Chacklan itself, including its fraud defense. See 4 L. King, Collier on Bankruptcy § 541.10 at 541-67 (15th ed. 1994).
 
 
 6
 FDIC v. O'Melveny & Myers, 969 F.2d 744 (1992), reversed and remanded, 114 S.Ct. 2048 (1994), is not to the contrary. First, that court acknowledged that McKenney 's rule regarding attribution of the insiders' knowledge to the corporate entity applies where the defendant is "an innocent third party." 969 F.2d at 751 n. 8. Here, unlike in O'Melveny & Myers, Federal was a third party. Second, although that court did depart from California's rule that any defense good against the entity is good against a receiver or bankruptcy trustee, it did so because it perceived a narrow exception for equitable defenses, such as "defenses based on a party's unclean hands or inequitable conduct." FDIC v. O'Melveny & Myers, 61 F.3d 17, 19 (9th Cir.1995). Here, Federal relies on the legal defense of concealment, not on the equitable defense of estoppel, as did the defendant in O'Melveny & Myers.
 
 II
 
 7
 Williams maintains that Federal's exclusive remedy for the concealment was rescission, which it lost by failing to seek such rescission before Williams filed suit, and that Federal had no fraud defense because it acted unreasonably. We disagree.
 
 
 8
 Federal had the procedural right to defend Williams's action to enforce the insurance binder on the ground of Chacklan's fraud, which it elected to do, even though Federal chose not to rescind the insurance binder under California Insurance Code § 650 before Williams filed her suit. DeCampos v. State Worker's Compensation Ins., 122 Cal.App.2d 519, 527 (1954); California Reclamation Co. v. New Zealand Ins. Co., 23 Cal.App. 611, 615 (1913). Resisting liability under the binder by pleading fraud as an affirmative defense is different from attempting to pursue the remedy of rescission, and therefore section 650, which pertains solely to the remedy of rescission, doesn't preclude Federal's fraud defense. Cf. Nat'l Union Fire Ins. Co. v. Dixon, 663 F.Supp. 1121, 1122 (N.D.Cal.1987) (interpreting section 650).
 
 
 9
 Moreover, because Federal provided fidelity coverage, its allegedly unreasonable conduct in failing to discover the fraud during the underwriting process doesn't preclude it from asserting Chacklan's fraud as a defense. For this reason, Williams's reliance on Gen. Am. Life Ins. Co. v. Castonquay, 984 F.2d 1518 (9th Cir.1993), is misplaced.
 
 III
 
 10
 Williams next argues that Federal waived or is estopped from raising its fraud defense, because Federal didn't assert it when first denying coverage even though a reasonable investigation would have uncovered the fraud. We disagree.
 
 
 11
 Under California law, "an insurer does not impliedly waive coverage defenses it fails to mention when it denies the claim." Waller v. Truck Ins. Exch., 44 Cal.Rptr.2d 370, 386 (1995). Rather, "waiver requires the insurer to intentionally relinquish its right to deny coverage and ... a denial of coverage on one ground does not, absent clear and convincing evidence to suggest otherwise, impliedly waive grounds not stated in the denial." Id. at 387; see also Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1159-61 (9th Cir.1991). Here, Williams offers nothing more than Federal's failure to raise a fraud defense in its earlier denials of coverage, and Federal's failure to conduct an adequate claims investigation. Under Waller, however, that is insufficient to establish waiver or estoppel.
 
 
 12
 Williams's reliance on McLaughlin v. Conn. Gen. Life Ins. Co., 565 F.Supp. 434 (N.D.Cal.1983), is misplaced. In Waller, the California Supreme Court expressly disapproved of the "automatic waiver" rule created by the court in McLaughlin. Nor is her reliance on Hydro Systems, Inc. v. Continental Ins. Co., 929 F.2d 472 (9th Cir.1991), any more helpful, inasmuch as the court in that case actually concluded that there had been no waiver. Id. at 476.[2]
 
 IV
 
 13
 Williams argues that even if Federal has a fraud defense that would permit it to avoid paying benefits under the binder, Federal still could be liable for tortious breach of the implied covenant of good faith and fair dealing for denying coverage, either because Williams's claim was covered under the binder or because this case presents "unusual circumstances." We disagree.
 
 
 14
 "[B]ecause a contractual obligation is the underpinning of a bad faith claim, such a claim cannot be maintained unless policy benefits are due under the contract." Waller, 44 Cal.Rptr. at 389. Here, on account of the fraud, no benefits were due Chacklan or Williams under the binder, and Williams therefore has no claim for breach of the implied covenant of good faith and fair dealing. Moreover, we are not persuaded that Williams can avoid this rule merely because Federal's legal right not to pay benefits is based on an "extracontractual" defense, rather than on Chacklan's loss not being "covered" by the terms of the binder. As we understand Waller, it simply doesn't matter why no benefits are due under the binder, just that they aren't.
 
 
 15
 Nor is Williams entitled to pursue a tort cause of action by characterizing this case as presenting "unusual circumstances." The cases to which she directs us in support of this proposition didn't actually permit a tort claim to proceed under this novel theory, see, e.g., Murray v. State Farm Fire & Casualty Co., 268 Cal.Rptr. 33, 37 (1990) (concluding that "[w]hile there may be unusual circumstances in which an insurance company could be liable to its insured for tortious bad faith despite the fact that the insurance contract did not provide for coverage, no such circumstances are presented here"); McMillan Scripps North v. Royal Ins. Co., 23 Cal.Rptr.2d 243, 247 (1993) (same), and we have found no such case.
 
 V
 
 16
 In sum, the district court did not abuse its discretion in granting Federal a new trial, and it did not err in then entering summary judgment for Federal. We therefore affirm the judgment and conclude that Williams is not entitled to prejudgment interest or attorney's fees.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Williams contends that summary judgment was inappropriate because there exists a genuine issue of material fact regarding "corporate attribution," that is, whether the insiders were acting adversely to Chacklan. This fact, however, is not material, and therefore any dispute about it doesn't preclude summary judgment
 
 
 [2]
 Williams's contention that there exist genuine issues of material fact regarding Federal's waiver is also unavailing. While Williams lists several "facts," which may even be disputed, she offers no legal authority to support her position that any such disputes would be material to the waiver issue